[*Special Term, December,* 1870.]

### JACOB SMITH *v.* EDWARD WYATT ET AL.

In an action for money lost at gaming, the plaintiff joining the owner of the premises with those who conducted the game;

*Held,* that the owner could not, merely as owner, be held liable in this form of proceeding jointly with those concerned in the game.

*Held,* also, that the receipt of one hundred dollars, in full satisfaction of a claim for two thousand five hundred dollars, as money lost to defendants by gaming, was a good defense as an accord and satisfaction.

*Jordan, Jordan & Williams,* for plaintiff

*Sayler & Sayler,* contra.

STORER, J.  The plaintiff states, that unfortunately he entered the gambling-house of the defendants, situated at No. 202 East Fourth street, in this city; that certain of the defendants played the game of faro with him between periods of time which he specifies, and won from him the sum of twenty-five hundred dollars.  He also avers that Mrs. Phebe Reddish, the widow of Thomas Reddish, of this city, who, it is alleged in the answer, and not denied by the replication, was not altogether of sound mind and memory, leased the premises to the defendants, knowing they were were carrying on illegal business.  So far as she is concerned, there is certainly a misjoinder of distinct causes of action.

Assuming that she knew the premises were to be occupied by gamblers, it is a criminal matter, and it can not be charged against her except in a suit where she appears for the express purpose of denying the imputation.  It is not to be inferred, because she is the owner of the building, she is connected with the other defendants, and she ought to

Smith v. Wyatt et al.

be dismissed from this action. It appears, from the answer, she is a feeble old lady, who transacted her business through an agent, and did not know the purpose to which the building was appropriated.

The other defendants answer, and make a general denial of the facts alleged, and afterward set up, as another ground of defense, "accord and satisfaction." To that portion of the answer, which is simply a denial, the demurrer will be overruled. With regard to the last ground of defense, the paper on which it is claimed accord and satisfaction can be predicated, is a receipt, signed by the plaintiff, for one hundred dollars, in full of all claims against Stone, Wyatt & Cront, "especially in full of all claims lost by me at the game of faro at their house, 202 East Fourth street."

It is said, in a memorandum handed to the court by the plaintiff's counsel, that this receipt does not show accord and satisfaction because the amount charged to be lost so greatly exceeds that averred to be given.

Formerly, the rule was regarded with great rigor, that if one owed another, by contract or otherwise, a large sum of money, the acceptance of a smaller sum would not be regarded as evidence of satisfaction. But that rule has been very much relaxed in modern times. The rule now is to ascertain the intention of the parties— whether they voluntarily came together, that there was no fraud, and no advantage taken of one by the other; and it seemed to the court the principle will apply in this case as in any other.

The acceptance of a smaller sum in discharge of a greater, where the parties stand on equal terms, is regarded as satisfaction. Harper v. Graham, 20 Ohio, 105.

This court comes to the same conclusion. But if, in a replication to the answer, the plaintiff should deny, and it should appear the circumstances under which the composition is averred to have been made were not such as would

warrant the court to regard it as satisfaction, they would sustain that plea; but they could not do so on a demurrer.

The demurrer to the answer would be overruled, and five days allowed to reply.